IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-CR-517 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| OTIS PAMPLIN (1), | ) | GOVERNMENT'S TRIAL BRIEF |
| JOSEPH KYLE SANDERS (2), | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Scott Zarzycki, Assistant United States Attorney, and hereby submits the following trial brief.

**I.    SUMMARY OF THE CASE AND OFFENSE**

Otis Pamplin and Joseph Kyle Sanders are charged in a multi-count indictment with aiding and abetting in Attempted Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, Using or Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and Using or Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

If this case proceeds to trial, the United States intends to offer evidence of the following:

On July 11, 2018, at 10:53 a.m. an attempted robbery occurred at the Ohio Savings Bank located at 720 Richmond Road, in Richmond Heights, Ohio.  A Security Officer observed a black Chrysler Pacifica back into a space with two younger black males exiting from the backseat.  She described one male wearing black hoody and the other male as wearing a grey and black hoody.  They placed t-shirts over their faces to create masks and began "fidgeting" in the front of their hoody pockets as they approached the bank.  She believed they were getting ready to rob the bank so she locked the door.  The males noticed her lock the door, retreated back to their vehicle and fled.

Less than an hour later at 11:47 a.m. a robbery occurred at LoanMax located at 13216 Cedar Road, in Cleveland Heights, Ohio.  Two black males wearing hooded sweatshirts (one black and one grey) and green latex gloves with faces covered entered LoanMax. The male in the grey hoody brandished a black gun and pointed it at the loan teller.  The male in the black hoody jumped the counter with a shopping bag and gathered the cash.  They ran out of the business and were not seen entering a vehicle.

At 11:53 a.m. descriptions were broadcast for both incidents.  Sergeant Davis from Cleveland Heights police observed a black Chrysler Pacifica which matched the description from the Ohio Savings attempted robbery, which was the subject of a BOLO (be on the lookout) at the time.  A pursuit ensued and the Chrysler Pacifica crashed in to a wooden pole on Phillips and Lockwood Road in East Cleveland.  Three males fled from the vehicle.  A male wearing a black hoody was apprehended in the back yard of 1205 Melbourne and identified as Otis Pamplin.  A number of items were recovered in the area including, green latex gloves, cell phone, clothing, and a firearm.

Otis Pamplin was interviewed and confessed to the crimes.  Officers located text messages on Pamplin's cell phone dated the day prior to the robberies where Pamplin and someone named "Kyle" were discussing a plan to do something the following day.

Officers arrested Joseph Kyle Sanders the following day.  An empty gun holster, live ammunition, and a box of green latex gloves were recovered in his home.  Sander's phone was also recovered and the officers were able to determine that his phone number was the same as person named "Kyle" from Pamplin's phone.  Sanders was interviewed and confessed to his role in the crimes.

Forensic Laboratory results revealed Joseph Kyle Sander's DNA matched the DNA profile on the magazine from the recovered firearm at the scene of the crash.

## II. CONTROLLING LAW

### A. Attempted Armed Bank Robbery

The indictment charges Defendants Otis Pamplin and Joseph Kyle Sanders with one count of aiding and abetting Attempted Armed Bank Robbery.  The relevant statute for this offense is Title 18, United States Code, Sections 2113(a) and (d) and 2, which provide:

> Whoever, by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtained by extortion any property, or money, or any other thing of value belonging to, or in the care custody, control, management, or possession of, any bank, credit union, or any savings and loan association.
>
> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device shall be fined under this title or imprisoned not more than twenty-five years or both.

To sustain its burden of proof for this crime, the United State must prove all the following elements beyond a reasonable doubt:

3

(1) That the defendants, aiding and abetting one another, attempted to take money from or in the presence of a teller while that money belonged to or was in the care, custody, control, management, or possession of Ohio Savings Bank.

(2) That the defendants, aiding and abetting one another, attempted to take money by force, violence or by intimidation.

(3) That the deposits of Ohio Savings Bank were then insured by the Federal Deposit Insurance Corporation.

Authority:  Sixth Circuit Pattern Jury Instruction 2.02, and 4.01 (modified), 2019 Edition.

B. <u>Using or Carrying a Firearm During and in Relation to a Crime of Violence</u>

The indictment charges Defendants Otis Pamplin and Joseph Kyle Sanders with one count of aiding and abetting Using or Carrying a Firearm During and in Relation to a Crime of Violence.  The relevant statute for this offense is Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2, which provides:

> …[A]ny person who, during and in relation to any crime of violence or drug trafficking crime… for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime…
>
> be sentenced to a term of imprisonment of not less than five years.

To sustain its burden of proof for this crime, the United State must prove all the following elements beyond a reasonable doubt:

(1) That the defendants, aiding and abetting one another, committed the crime charged in Count 1, Attempted Armed Bank Robbery, a crime of violence which may be prosecuted in a court of the United States.

4

(2)     That the defendants, aiding and abetting one another, knowingly used or carried a firearm.

(3)     That the using or carrying of the firearm was during and in relation to the crime charged in Count 1.

Authroity:  Sixth Circuit Pattern Criminal Jury Instructions, 2019 Edition, Sections 2.02, 4.01, 12.02, and 12.04 (modified)

C.     Interference with Commerce by Means of Robbery

The indictment charges Defendants Otis Pamplin and Joseph Kyle Sanders with one count of aiding and abetting Interference with Commerce by Means of Robbery.  The relevant statute for this offense is Title 18, United States Code, Sections 1951(a) and 2, which provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

To sustain its burden of proof for this crime, the United State must prove all the following elements beyond a reasonable doubt:

(1)     That the defendants, aiding and abetting one another, unlawfully took personal property or money from someone against that persons will.

(2)     That the defendants, aiding and abetting one another, took personal property or money by actual or threatened force, or violence, or fear of injury immediately or in the future, to the person.

(3)     That the defendants did so knowingly.

(4)     That as a result of the defendants' actions, interstate commerce was affected in

5

any way or degree.

Authority: Sixth Circuit Pattern Jury Instruction 2.02, 4.01 (modified), 17.03, 2019.

D. <u>Using or Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence</u>

The indictment charges Defendants Otis Pamplin and Joseph Kyle Sanders with one count of aiding and abetting Using or Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence. The relevant statute for this offense is Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2, which provides:

> …[A]ny person who, during and in relation to any crime of violence or drug trafficking crime… for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime…
>
> if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years..

To sustain its burden of proof for this crime, the United State must prove all the following elements beyond a reasonable doubt:

(1) That the defendants, aiding and abetting one another, committed the crime charged in Count 3, Interference with Commerce by Means of Robbery, a crime of violence which may be prosecuted in a court of the United States.

(2) That the defendants, aiding and abetting one another, knowingly used or carried a firearm.

(3) That the using or carrying of the firearm was during and in relation to the crime charged in Count 3.

(4) That the defendants, aiding and abetting one another, brandished the firearm.

6

Sixth Circuit Pattern Criminal Jury Instructions, 2019 Edition, Sections 2.02, 4.01, 12.02, and 12.04 (modified).

**III.     EVIDENTIARY ISSUES**

    A.     AUDIO RECORDING AND TRANSCRIPTS

The United States intends to introduce an audio video recording of the Defendants' interviews, and government counsel has notified defense counsel of the same. Additionally, the government is preparing a transcript of portions of the audio that will play contemporaneously with the video. The government will immediately provide this transcript to defense counsel upon its completion. The government has submitted the relevant pattern jury instruction regarding recordings as an aid in receiving evidence.

    B.     STATEMENTS OF BOTH DEFENDANTS CAN BE INTRODUCED WITHOUT A SEPARATE TRIALS

Both statements made by Otis Pamplin and Jospeh Kyle Sanders to law enforcement can be introduced in their joint trial. Neither statement references the co-defendant with any specificity as to directly incriminate a co-defendant. In fact, throughout most of their interviews, both defendants purposely leave out the names of their accomplices.

In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court ruled that the Sixth Amendment's confrontation clause precluded the admission of a non-testifying co-defendant's co-implicating confession, because the devastating effect of that evidence would make it extremely difficult for a jury to obey the trial court's limiting instruction. Bruton problems may be avoided by redacting the statement to remove references to the defendant. Richardson v. Marsh, 481 U.S. 200 (1987); United States v. Cobleigh, 75 F.3d 242 (6th Cir. 1996) (redacted co-defendant's confession not barred by Bruton; as long as references to defendant are eliminated from the confession it is admissible even if it becomes incriminating when linked

with other evidence.); United States v. Robinson, 872 F.3d 760 (6th Cir. 2017) (government complied with Bruton and Richardson by redacting the non-testifying codefendant's confession to eliminate any mention of defendant or his existence, even though jury might have been able to link the defendant to the confession by connecting the dots.); United States v. Vasilakos, 508 F.3d 401, 407 (6th Cir. 2007) ("introduction of a declarant-codefendant's self-incriminating, extra-judicial statement, in a joint trial, where the defendant's name is redacted and a neutral term is substituted, avoids any Sixth Amendment or Bruton violation."); United States v. Sherlin, 67 F.3d 1208 (6th Cir. 1995).

No Bruton problem exists where a statement does not incriminate a defendant directly, but rather it incriminates a defendant when combined with other evidence. See United States v. DiCarlantonio, 870 F.2d 1058 (6th Cir. 1989) (incrimination of defendant by statement in combination with other evidence not a violation.). Indeed, Bruton does not bar the use of a redacted codefendant's confession just because the codefendant's statement becomes incriminating when linked with other evidence adduced at trial. "Any conclusion by the jury that [the] statement implicated [the defendant] might be made only by linking the statement to other evidence. Introduction of the statement did not, therefore, violate the Bruton rule." United States v. Ford, 761 F.3d 641, 654 (6th Cir. 2014). There is no Bruton violation where there are no signs of obvious alteration, the confession "standing by itself" does not necessarily implicate the defendant, and proper limiting instructions are given. "Where a jury must look to other trial evidence to link a defendant to a redacted confession, the Confrontation Clause 'calculus changes' sufficiently to remove the statement from Bruton's protective rule." United States v. Jass, 569 F.3d 47 (2d Cir. 2009).

8

In this case the government intends to introduce portions statements from both Pamplin and Sanders.  The only reference to a co-Defendant by name will be in the introduction of a series of text messages between Otis Pamplin and a male named "Kyle" the day before the robberies occurred.   These text messages were recovered from Otis Pamplin's cell phone and Pamplin identified the phone as belonging to him.  The relevant portions of the actual statements the government intends to introduce either reference an accomplice by his role (eg. "the driver") or by a made up nickname (eg. "Curry") that ultimately bore no connection to the actual person.  As such, there would be no <u>Bruton</u> violation as the statements do not directly incriminate a co-defendant.  Additionally, there will be no signs of obvious alteration or redaction.  In fact, there is no portion of either statement the government intends to introduce that requires any redaction.  The names of co-defendants are deliberately left out by the person making the statement.  As such, a limiting instruction will be more than adequate to insure the jury weighs each statement properly.

**IV.     TRIAL DOCUMENTS**

    A.     STIPULATIONS

The United States and the Defendant have not entered into any stipulations.

    B.     PROPOSED JURY INSTRUCTIONS

The United States respectfully requests that the Court use the Joint Proposed Government and Defense Jury Instructions as filed.

    C.     PROPOSED *VOIR DIRE* QUESTIONS

The United States respectfully requests that the Court use the Joint Proposed Government and Defense Voir Dire as filed.

### D. PRELIMINARY STATEMENT

The United States respectfully requests that the Court use the Joint Proposed Government and Defense preliminary statement as filed.

## IV. COURTROOM PROCEDURE

### A. JENCKS MATERIAL

The United States will provide *Jencks* material to the defense in a timely manner and in accordance with this Court's Order.

### B. SEQUESTRATION OF WITNESSES & PRESENCE OF GOVERNMENT AGENT AT TRIAL

The United States respectfully requests that the Court issue a witness-sequestration order pursuant to Federal Rule of Evidence 615. The government designates Special Agent William Hasty from the Federal Bureau of Investigation as its representative in this case to be present at counsel table throughout the trial. Special Agent Hasty's presence in the courtroom during trial is essential to the presentation of the government's case. *See* FED. R. EVID. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"); FED. R. EVID. 615(c) (providing an additional exception for essential witnesses).

## V. ESTIMATED LENGTH OF TRIAL

The United States anticipates completing its case-in-chief in approximately three days.

## IV.     CONCLUSION

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

                              Respectfully submitted,

                              JUSTIN E. HERDMAN
                              United States Attorney

By:   /s/ Scott C. Zarzycki
        Scott C. Zarzycki (OH: 0072609)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3971
        (216) 522-7358 (facsimile)
        Scott.Zarzycki@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of March 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

        /s/ Scott Zarzycki_____
        Scott Zarzycki
        Assistant United States Attorney